**Kelley Allen JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–06–00235–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 4, 2007.

Decided June 27, 2007.

David K. Haynes, McKinney, for appellant.

Michael Morrow, Asst. County Atty., Richard Glaser, Fannin County Dist. Atty., Bonham, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Kelley Allen Jones had known Angela Rains for only a short time, but they had just agreed to move into the same motel room and share expenses. That same night, Rains brought her fourteen-year-old daughter, B.S.S., to the motel. The child went to sleep on the floor and, when Rains returned from an errand, she saw Jones next to B.S.S. with "his hand down in her pants." Jones was found not guilty of indecency with a child, but guilty of the lesser included offense of attempted indecency with a child. The jury assessed punishment at ten years' confinement and a $5,000.00 fine. On appeal, Jones contends: (1) the jury charge contained error; (2) ineffective assistance of counsel for failing to object to the charge error; (3) legal and factual insufficiency to prove the specific intent; and (4) legal and factual insufficiency to prove more than mere preparation to commit the offense. We affirm the judgment of the trial court.

## I. Error in the Jury Charge?

One method of committing indecency with a child occurs if a person, with a child younger than seventeen years and not the person's spouse, engages in sexual contact with the child. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). As pertinent here, "sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(c)(1) (Vernon 2003). With that definition of "sexual contact" (to include intent to arouse or gratify sexual desire), the jury should have been instructed that indecency with a child is committed if a person has sexual contact with a child under seventeen years and not the person's spouse. Instead, the charge erroneously stated that indecency with a child is committed if the person *intentionally or knowingly* engages in sexual contact with a child. The jury was also given the full statutory definitions of "intentionally" and "knowingly." But the charge further properly defined the term "sexual contact" as meaning any touching of the anus, breast, or any part of the genitals of another with intent to gratify the sexual desire of any person. Additionally, in the application paragraph for the indecency charge, the jury was authorized to convict Jones only by proof that Jones did "with intent to arouse or gratify his sexual desire, knowingly or intentionally engage in sexual contact...." Before Jones could be found guilty, these instructions required the jury to find that Jones engaged in sexual contact (defined as an act committed with intent to arouse or gratify his sexual desire) and that such act was done knowingly and intentionally. However, Jones was found not guilty of indecency with a child and was convicted of the lesser

offense of attempted indecency with a child.

The lesser offense of attempted indecency with a child properly required the jury to find beyond a reasonable doubt that Jones acted with specific intent to commit the offense of indecency with a child by contact by touching part of the genitals of B.S.S. with intent to arouse or gratify his sexual desire, and performed an act amounting to more than the mere preparation.

The jury was also instructed properly that sexual contact meant the forbidden touching of a child with intent to arouse and gratify the sexual desire of any person. Finally, in the application paragraph of the jury charge on attempted indecency with a child, for which Jones was found guilty, the jury was properly instructed that Jones must have attempted the forbidden touching of the child to arouse or gratify his sexual desire. No mention is made regarding the lesser culpable mental states of "knowing" or "intentional" conduct. There was no error in the application paragraph of the attempted indecency charge for which Jones was convicted.

 Jones' complaint emanates from the instructions concerning the indecency charge, for which the jury found him not guilty. Jones contends that, because this section of the charge allowed a knowing or intentional finding, rather than only requiring a specific intent finding, this affected the lesser included attempt charge. We disagree.

As we have explained, there is no error in the application portion of the charge for which Jones was found guilty. Jones cites *Rodriguez v. State*, 24 S.W.3d 499 (Tex. App.-Corpus Christi 2000, pet. ref'd), in which the trial court improperly included the "knowingly and intentionally" jury instruction when it should have only had the instruction on the specific intent requirement (intent to arouse or gratify sexual desire). In *Rodriguez*, the defendant was convicted of indecency with a child with the improper instruction, whereas here Jones was convicted of attempted indecency based on a proper specific-intent instruction in the application paragraph. *Rodriguez* does not directly apply to the facts of this case.

 Even if a portion of the charge involving the indecency charge was in error, no objection was made and reversal is proper only if we find the error caused egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). In such instance, we examine: (a) the charge itself; (b) the state of the evidence, including contested issues; (c) the argument of counsel; and (d) any other relevant information. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

### A. The Charge

Jones argues that, based on the improper inclusion of the terms "intentionally" and "knowingly" in the charge, the jury could have convicted him of the attempted charge without finding that he had the specific intent to "arouse or gratify his sexual desire." However, in the attempt charge, the jury was directly instructed that a finding of sexual contact must include a determination that Jones acted to arouse or gratify his sexual desire. In the application paragraph such mental state was required, and the terms "intentionally" and "knowingly" were not mentioned. We believe that the instructions in the lesser included attempt charge ameliorated any harm from the previous improper instructions.

### B. State of the Evidence, Including Contested Issues

Jones argues that his intent was an issue before the jury and, therefore, the jury charge harmed him on that issue.

Rains testified she and Jones had agreed to share a motel room and split the rent. Rains' daughter was in the motel room and went to sleep on the floor at approximately 11:00 p.m. Rains left the room for a few minutes and, when she returned, she observed Jones on the floor by B.S.S. "spooned up behind her with his hand down her pants." B.S.S. testified she went to sleep on the floor and felt someone behind her put his arm around her and touch her leg and the inside of her right thigh. His hand was rubbing going up, and she pushed it away.

In his defense, Jones testified Rains gave him a drink and left, at which time he fell asleep on the porch. The next thing he remembered was being awakened when he was in the motel room right by B.S.S. He did not know how he got into that room by B.S.S. He denied touching B.S.S. in any manner and stated, "That did not occur at all," and, "I did not touch that girl at all." Jones did not attempt to defend this case based on a mere accidental touching or even that he intentionally touched B.S.S. but with merely platonic intentions; he denied having any physical contact with B.S.S. Consequently, the intent of Jones in touching B.S.S., while it was a part of the State's required proof, was not a contested issue and consequently Jones could not be egregiously harmed by the definition of the intentional and knowing state of mind. *Saldivar v. State*, 783 S.W.2d 265, 268 (Tex.App.-Corpus Christi 1989, no pet.) ("where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly' ").

### C. Jury Argument

The State did not base its jury argument on an intentional or knowing act by Jones, but argued that Jones' sexual contact with B.S.S. was done to "arouse or gratify sexu-al desire of the person, in this case Kelley Jones." No reference was made to an intentional or knowing touching during the State's jury argument.

Based on the above discussion, we conclude that Jones was not egregiously harmed by the jury instructions. The first point of error is overruled.

## II. Ineffective Assistance of Counsel

As a corollary to the jury charge argument, Jones asserts that trial counsel performed deficiently by failing to object to that portion of the jury charge wherein the terms "intentionally" and "knowingly" were used.

The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). To be entitled to a new trial because his or her trial counsel was ineffective, an appellant must show (1) that counsel's performance was so deficient that counsel was not functioning as acceptable counsel under the Sixth Amendment and (2) that, but for counsel's error, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

In determining whether the *Strickland* test has been met, we focus on the totality of the representation afforded and not on individual, alleged errors. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990). The defendant bears the burden of proving ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Gamble*, 916 S.W.2d at 93. A defendant must overcome the presumption that the challenged action might be considered sound trial strategy

under the circumstances. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Gamble,* 916 S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). An appellate court will not speculate to find an attorney ineffective. *Gamble,* 916 S.W.2d at 93. In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Robinson v. State,* 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App. 2000).

Since Jones was acquitted of the accusation of indecency with a child, no harm occurred to him as a result of any improper instructions in the accusation for indecency with a child. We have previously concluded that, considering all of the instructions given to the jury regarding the attempted indecency charge, Jones suffered no egregious harm. The defense attorney convinced the jury to acquit Jones on the greater charge and thereby limited the range of punishment to a third-degree felony. *See* TEX. PENAL CODE ANN. § 15.01(d) (Vernon 2003). While Jones' attorney could have objected to the inclusion of the definitions of the mental states of intentional and knowing in the jury charge, one could argue that allowing those definitions to remain in the charge placed a greater burden on the State. Not only was the State required to prove the specific intent (arouse or gratify sexual desire), but also the State had to prove such actions were done intentionally and knowingly. A reasonable trial attorney could have considered that including the additional terms in the jury charge was a reasonable trial strategy. Since we have no record of counsel's motivation in failing to object, the presumption that counsel's actions might be considered sound strategy has not been overcome; thus, we cannot conclude trial counsel was deficient. The ineffective assistance of counsel point is overruled.

## III. Legal and Factual Sufficiency of Specific Intent and Conduct Amounting to More than Mere Preparation

In four points of error, Jones contends the evidence is legally and factually insufficient to prove that (1) he acted with the specific intent to commit the offense of indecency with a child and (2) that he engaged in conduct that amounted to more than mere preparation to commit the offense.

### A. Legal and Factual Sufficiency of the Evidence Standards

In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Powell v. State,* 194 S.W.3d 503, 506 (Tex.Crim.App.2006); *Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). The reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 318–19, 99 S.Ct. 2781. In reviewing the sufficiency of the evidence, we should look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App.1985).

Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Barnes v. State,* 876 S.W.2d 316, 321 (Tex.Crim.App. 1994); *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara,* 152 S.W.3d at 49. On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Id.; Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim. App.2007).

 In a factual sufficiency review, the evidence is reviewed in a neutral light rather than (as in a legal sufficiency review) in the light most favorable to the verdict. *Roberts v. State,* 220 S.W.3d 521 (Tex.Crim.App.2007). Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Watson v. State,* 204 S.W.3d 404, 414–15 (Tex.Crim.App.2006). A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction!" *Id.* at 417. Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury to a limited degree, the review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur. *Cain v. State,* 958 S.W.2d 404, 407 & 410 (Tex.Crim.App. 1997).

**B. Evidence Relating to Specific Intent and Acts More than Mere Preparation**

The State was required to prove that the conduct of Jones showed an intent to gratify or arouse his sexual desires. An aunt had custody of B.S.S., but Rains removed B.S.S. from her home due to a family argument. She took B.S.S. to the Ranch Motel, where several persons were drinking and using drugs. After B.S.S. went to sleep on the floor, Rains left for a few minutes to obtain some toiletries while Jones was outside on the porch. When Rains returned, the door was locked and the lights were turned off. She opened the motel room door with her key and saw Jones lying next to B.S.S. "with his hand down her pants." Chris Pleiss, another friend at the motel, came inside the room, saw Jones, and kicked Jones out of the room. Jones began explaining to Rains that he "thought it was me." Pleiss testified he saw Jones curled up by B.S.S. and kicked him and told Jones to get out. However, Pleiss did not see any inappropriate touching.

B.S.S. testified she was fourteen years old at the time of the incident. Earlier that day, when she first met Jones, he told her several times she was pretty and looked like her mom, which made her uncomfortable. She further testified that, when she was on the floor, she felt someone behind her placing his arm around her and touching her leg. She attempted to move away, but he touched the inside of her thigh, and his hand was "rubbing like it was going up and I'd push it away." She also thought he whispered in her ear, "I love you." B.S.S. said she was 100 percent sure that he touched her, had his arm over her, and was rubbing the inside of her leg. She said his hand never went inside her pants.

Jones testified that, on the night in question, he had only consumed a "couple

of beers." He agreed he told B.S.S. that she was pretty and looked like her mom. He stated that Rains prepared a drink for him and left, at which time he fell asleep on the porch. He did not remember anything until he was awakened inside the house and B.S.S. "is right here on the right side." He suspected that something must have been in the drink Rains prepared because when he woke up it was "like I was paralyzed." He denied touching B.S.S. and contended it would have been impossible since he cannot lie on his side due to injuries received in a motorcycle wreck. He testified the investigating officer told him that he had been "set up."

## C. Analysis of Evidence of Specific Intent

"Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. TEX. PENAL CODE ANN. § 21.11(c). This Court has recently observed:

> Rarely will there be direct evidence of what an accused intended at the time of the incident. Thus, the fact-finder usually must infer intent from circumstantial evidence rather than direct proof. More specifically, in the context of indecency with a child, the fact-finder can infer the requisite intent to arouse or gratify sexual desire from conduct, remarks, or all the surrounding circumstances. The intent to arouse or gratify may be inferred from conduct alone. No oral expression of intent or visible evidence of sexual arousal is necessary.

*Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.-Texarkana 2006, pet. ref'd) (citations omitted).

Jones denied that he committed or attempted to commit any improper touch-ing of B.S.S. and suggested that he was drugged, placed in the motel room on the floor beside B.S.S., and set up by Rains. Not only did Rains testify that she saw Jones with his hand down the pants of B.S.S., but also B.S.S. testified that Jones told her several times that she was pretty, rubbed on her thigh area, and told her he loved her. Both B.S.S. and Rains testified that, when Jones was discovered, he stated to Rains that he mistakenly thought B.S.S. was Rains. The jury is the exclusive judge of the credibility of the witnesses; in this case, the jury found against Jones' theory of the sequence of events of the evening. Based on Jones' comments and actions, we find there was legally and factually sufficient evidence to uphold the jury's finding that Jones' actions in touching B.S.S. were done with the intent to arouse or gratify his sexual desire.

## D. More than Mere Preparation

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003). The Texas Court of Criminal Appeals has recognized that there is an "imaginary line" that separates mere preparatory conduct, which is usually noncriminal, from an act which tends to effect the commission of an offense, which is always criminal conduct. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *McCravy v. State*, 642 S.W.2d 450, 460 (Tex.Crim.App.1980). The fact that an appellant could have taken further actions without actually committing the offense does not act so as to render his or her actions nothing more than mere preparation. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex.Crim.App. 1981). Where the imaginary line is to be

drawn depends on the nature of the crime attempted and must be considered on a case-by-case basis. *Gibbons v. State,* 634 S.W.2d 700, 707 (Tex.Crim.App.1982); *see Henson v. State,* 173 S.W.3d 92 (Tex.App.-Tyler 2005, pet. ref'd) (acts attempting to solicit young male to older male's home allegedly to do some work was not more than mere preparation, but asking him to allow older male to commit sexual act on him was more than mere preparation).

■ Here, we believe there is legally and factually sufficient evidence that Jones crossed the line between mere preparation and an attempt to commit indecency with a child. The testimony of B.S.S. was that Jones was rubbing up against her leg and thigh, she thought he whispered that he loved her, and afterward he claimed that he thought she was Rains. The acts are more than merely preparing or planning, and such actions tended to effect the commission of the offense. We overrule the legal and factual sufficiency points of error.

Based on the foregoing, we affirm the judgment of the trial court.