

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-11-00237-CR

_____

**CECIL RAY WAFER, JR.,**

                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                          **Appellee**

_____

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F44879

_____

## MEMORANDUM  OPINION

_____

Cecil Ray Wafer, Jr., was convicted of three counts of indecency to a child: by causing M.B. to touch Wafer's genitals, by causing S.B. to touch Wafer's genitals, and by touching the genitals of S.B.  *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (West 2011). He was sentenced to 10 years on each count.  Counts one and two were ordered to be stacked while count four was ordered to run concurrently with count one.  Because the error in the jury charge did not cause Wafer egregious harm and because the evidence was sufficient to support the conviction, the trial court's judgment is affirmed.

# JURY CHARGE ERROR

Wafer complains in his first issue that the trial court erred in the submission of the application paragraph of the charge to the jury because it improperly set forth the mens rea required for conviction in that it allowed the jury to convict him of three counts of indecency with a child for "intentionally or knowingly" engaging in sexual contact with M.B. and S.B., although the proper mens rea for the offense is the specific intent "to arouse or gratify the sexual desire of any person." TEX. PEN. CODE ANN. § 21.11(c) (West 2011).

## *Standard of Review*

It is undisputed that Wafer did not object to the charge on this basis. Because there was no objection made to the charge by Wafer, we must first determine whether the charge as submitted to the jury was erroneous and if so, we must then analyze this complaint utilizing the standard of *Almanza v. State*. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing *Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), citing *Almanza*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171.

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas*, 202 S.W.3d at 144.

Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

### *Analysis*

The State, rightfully so, concedes error. *See Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd); *Jones v. State*, 229 S.W.3d 489, 492 (Tex. App.—Texarkana 2007, no pet.) (finding error when charge "stated that indecency with a child is committed if the person intentionally or knowingly engages in sexual contact with a child"); *see also King v. State*, No. 10-09-00395-CR, 2010 Tex. App. LEXIS 7282, *23-24 (Tex. App.—Waco, Sept. 1, 2010, pet. ref'd). Therefore, we will review the record to determine whether this error could have caused egregious harm to Wafer, considering the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Olivas*, 202 S.W.3d at 144; *Almanza*, 686 S.W.2d at 171.

### *The Entire Jury Charge*

The jury charge was otherwise unexceptional. The abstract portion accurately stated the substantive law on the offense of indecency with a child—including the specific intent to arouse or gratify—thus informing the jury of what the State had and did not have to prove. Although the charge defined "intentionally" and "knowingly"

and included those terms in the application portion of the charge, it did not include them in the abstract portion of the charge setting forth the substantive law of indecency with a child. Moreover, the charge included the required specific intent to arouse or gratify in the application portion, along with the erroneous "intentionally and knowingly" language. The charge also correctly addressed extraneous offense evidence, the indictment, statements of the court and of counsel, the presumption of innocence, the credibility of witnesses and weight to be given their testimony, and the burden of proof. Consequently, within the context of the entire jury charge, the erroneous application paragraph appears less harmful. The jury charge as a whole lessens any potential harm suffered by Wafer.

### *The State of the Evidence*

Regarding the state of the evidence, the primary contested issue at trial was whether Wafer committed the conduct with the intent to arouse or gratify his sexual desire. As will be explained more fully in Wafer's sufficiency of the evidence issue, the specific intent required for the offense of indecency with a child may be inferred from Wafer's conduct, his remarks, and all of the surrounding circumstances-specifically including the children's testimony. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred that Wafer

had the intent to arouse or gratify his sexual desire from his own statements and from the testimony of the children about the incidents. *See id*.

### *Arguments of Counsel*

Although both parties mentioned the phrase "intentionally and knowingly," briefly by the State in going over the charge and briefly by Wafer in arguing the State's failure of proof, neither party dwelled on the subject. Instead, both parties focused on the appropriate mens rea, whether Wafer committed the conduct with the intent to gratify Wafer's sexual desires. We find nothing in the closing arguments by either the State or Wafer that indicates that Wafer was harmed by the error.

### *Other Information in the Trial as a Whole*

After a review of the record, we note that each count in the indictment tracks the same objectionable language as the charge; however, Wafer did not challenge the indictment. Any potential error in the indictment was therefore, waived. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *King v. State*, No. 10-09-00395-CR, 2010 Tex. App. LEXIS 7282, 24 (Tex. App.—Waco, Sept. 1, 2010, pet. ref'd). There was no use of the phrase "intentionally and knowingly" during voir dire during the description of the offense by either the State or Wafer. The State did not refer to the phrase at all during its opening statement. Wafer did not include that reference in his opening statement but cited the statute correctly. We do not find that the trial as a whole more than minimally increased any potential harm to Wafer.

*Conclusion*

Under the stringent standards necessary to show egregious harm, we conclude that this error did not affect the very basis of Wafer's sentences; thus, egregious harm has not been shown. Wafer's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Wafer contends the evidence is insufficient to support his convictions for all three counts of indecency with a child. The elements of indecency with a child are that the accused (1) engaged in "sexual contact," (2) with a child, (3) younger than seventeen years of age, (4) whether the child is of the same or opposite sex. See TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). "Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c). Specifically, Wafer argues the evidence was insufficient to prove that he acted with the intent to arouse or gratify his sexual desire. *See id.*

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Further, the sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*. This standard can uniformly be applied to all trials, whether to the bench or to the jury, whether or not the indictment is facially complete, and regardless of the specific wording of the jury charge actually given. *Id*.

The specific intent required for the offense of indecency with a child may be inferred from the defendant's conduct, his remarks, and all of the surrounding circumstances-specifically including the victim's testimony. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd).

*Facts*

Wafer lived with his girlfriend, Frances, and her three granddaughters. In late June of 2010, two of the granddaughters, M.B. and S.B., were playing basketball with Wafer. At least three times, M.B. pulled down Wafer's shorts which exposed Wafer's penis. Wafer was not wearing any underwear. In a written confession, Wafer stated that on two separate dates, the girls pulled his shorts down 10-12 times, exposing his

penis. He was not wearing any underwear at those times either. According to M.B. and S.B., after playing basketball, they went swimming with Wafer. Wafer took off his swim suit and instructed the girls to take off either their bikini bottoms or panties. They then played a game of "truth or dare" and Wafer instructed the girls to touch his penis. They complied. Wafer admitted that the girls touched his naked penis. He also admitted that he touched M.B.'s vagina, but on the outside of her clothing. S.B. stated that Wafer touched her vagina and M.B.'s vagina in the pool while they did not have on any shorts or panties. M.B. denied that Wafer ever touched her vagina.

Two days after the incident in the pool, S.B. told a family friend, Latrisha, about it. They then approached Frances and M.B. When Latrisha asked M.B. about what happens when they play "truth or dare," M.B. began crying and said that Wafer had made her touch his penis. Frances confronted Wafer and told him to take his things and leave her house. Latrisha also stated that she had previously noted some inappropriate behavior by Wafer toward S.B. such as grabbing S.B.'s bottom and her breast.

Wafer's daughter, ex-wife, and pastor testified about Wafer's good character and that he participated in children's ministries for 15 years. Wafer's daughter stated that M.B. and S.B. did not behave well when she was around them. His ex-wife testified that she thought the girls would try to do something if Wafer ever disciplined them.

*Application*

Wafer admitted that the girls touched his penis and that he touched M.B.'s vagina. He allowed the girls to pull down his shorts repeatedly when he had on no underwear. After reviewing all the evidence in the light most favorable to the verdict, and taking into account the inferences from Wafer's conduct, his remarks, and all of the surrounding circumstances, we find the evidence was sufficient to prove that Wafer acted with the intent to arouse or gratify his sexual desire as to all three counts of indecency with a child beyond a reasonable doubt. Wafer's second issue is overruled.

CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2012
Do not publish
[CR25]