

# NUMBER 13-17-00383-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TRAVIS RYAN CRAWFORD,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

**On appeal from the 9th District Court
of Montgomery County, Texas.**

---

# OPINION[1]

**Before Justices Contreras, Longoria, and Hinojosa
Opinion by Justice Hinojosa**

Appellant Travis Ryan Crawford appeals from a judgment convicting him of

attempted sexual assault of a child, a third-degree felony.  *See* TEX. PENAL CODE ANN.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

§§ 15.01(a) (West, Westlaw through 2017 1st C.S.), 22.011(a)(2)(A) (West, Westlaw through 2017 1st C.S.). [2] In accordance with the jury's recommendation as to punishment, the trial court sentenced Crawford to confinement for six years, suspended his sentence, and placed him on community supervision for five years. In two issues, Crawford seeks reversal and rendition of a judgment of acquittal on the grounds that the evidence is legally insufficient to sustain his conviction because: (1) the evidence failed to establish beyond a reasonable doubt that he did an act that amounted to more than mere preparation; and (2) the State offered no evidence that a child was the object of the sexual assault that he purportedly attempted. We affirm.

## I. BACKGROUND

A grand jury indictment alleges, in relevant part, that on or about May 17, 2016, in Montgomery County, Texas, Crawford "did then and there, with specific intent to commit the offense of Sexual Assault of a Child, do an act, to-wit: travel to a prearranged meeting location, amounting to more than mere preparation that tended to but failed to effect the commission of the offense[.]"

At trial, Jerry Serratt, a detective with the Montgomery County Precinct 1 Constable's Office, recounted how his investigative efforts prompted Crawford to travel to the prearranged meeting location. Serratt is assigned to the Internet Crimes Against Children Taskforce (ICACT), a nationwide law enforcement effort that employs proactive investigations. Some of the proactive investigations involve Serratt posting

---

[2] The alleged offense occurred on or about May 17, 2016. We will reference the current version of the statutes because amendments that occurred after the date of the alleged offense do not affect our analysis.

advertisements on social media websites posing as, among other things, a mother offering a minor daughter for sexual activity.

On the afternoon of May 17, 2016, Serratt posted an online advertisement on the "personals > causal encounters" webpage on Craigslist with the title "Mother and Daughter Trucker Team – ww4m (the woodlands)". The advertisement, which was admitted into evidence, stated the following:

> It use [sic] again . . . . [3] we are driving into porter for the night. Mother and daughter trucker team . . . . she [sic] young and she is my real daughter. If you [sic] interested[,] hit me back. . . . We [sic] spending the night here at some apartments w[h]ere the company is providing.

Soon thereafter, a response from an email address belonging to Crawford was forwarded to the email address associated with the advertisement. Serratt, posing as "Misty Patterson," began emailing with Crawford. Their conversation, read to the jury by Serratt and a printout of which was admitted into evidence, provides the following:

CRAWFORD: Hey very interested . . . 25 white 6'2" slim and DDF . . . . . I have experience with multiple . . . would love to experience a mother/daughter team though

PATTERSON: Hey I am 32 year old female and daughter is 14 is that cool

CRAWFORD: What do ya'll look like?

PATTERSON: I am 5'5 125 hispanic female and daughter is 5'1 110 hispanic female

CRAWFORD: That's hot . . . can I get a pic of you 2? I'll send one back.

Serratt then emailed Crawford two photographs, each depicting the torso of a clothed

---

[3] Most of the electronic communications contain numerous ellipses and grammatical errors. Both are repeated herein to hew as closely as possible to the original communications.

female mannequin taken at a department store. The photograph depicting Patterson was of a mannequin in the women's section, while the photograph depicting Patterson's daughter was of a mannequin in the junior's section. In exchange, Crawford emailed Serratt two shirtless photographs of himself, one of which shows his face. The email conversation continued:

CRAWFORD:        Where are ya'll at right now?

PATTERSON:        in the woodlands

CRAWFORD:        Have a place to play?

PATTERSON:        yes[.] what do you want to do[?]

CRAWFORD:        Play with you both . . . lick and suck

PATTERSON:        so u just want to suck

CRAWFORD:        And fuck

PATTERSON:        from both of us

CRAWFORD:        If that's ok

PATTERSON:        yea that cool . . . . she is 14 yo so basically protection is a must

CRAWFORD:        Sure no problem

PATTERSON:        ok cool beans

CRAWFORD:        What's the address?

PATTERSON:        I give u that once I know ur coming

CRAWFORD:        I'm already in the woodlands . . . over near sawdust

PATTERSON:        txt me at []

The phone number Serratt texted to Crawford was to a cell phone used by Corey Arnold, an investigator assigned to the ICACT, as part of a continuation of the proactive investigation started by Serratt. Arnold, pretending to be Patterson, and Crawford then texted each other regarding the logistics of their meeting. Arnold read portions of the text messages and a printout of them was admitted into evidence. In one of his messages, Crawford noted that he needed to "stop to get rubbers." Patterson texted Crawford an address where she and her daughter would be waiting. The two then texted the following:

CRAWFORD: What are you wearing? I'm about 10 mins away

PATTERSON: We are both wearing black shorts and pink tank tops

CRAWFORD: Ok[.] And she's okay with this?

PATTERSON: Yep she knows.

Crawford, within approximately two and half hours of having initially responded to the Craigslist advertisement, arrived at the predetermined location. He was apprehended by police officers with the ICACT. The officers searched Crawford, but they did not find condoms.

A jury found Crawford guilty of attempted sexual assault of a child, a third-degree felony, *see id.* §§ 15.01(a), 22.011(a)(2)(A), assessed punishment at confinement for six years, but recommended suspending his sentence and placing him on community supervision for five years. This appeal followed.

## II. DISCUSSION

Both of Crawford's issues raise a legal sufficiency challenge.

5

## A. Standard of Review

When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). In doing so, we give deference to the responsibility of the jury as factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from facts. *Johnson v. State*, 419 S.W.3d 665, 671 (Tex. App.— Houston [1st Dist.] 2013, pet. ref'd).

We measure the legal sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (internal quotation marks omitted). The law as authorized by the indictment must be the statutory elements of the offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). That is to say, the hypothetically correct jury charge could not simply quote the language of the statute; rather, it must track the elements of the law specifically alleged by the indictment. *Id.* at 404–05.

6

In reviewing the sufficiency of the evidence, we may look at "events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993); *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); *Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987)). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

## B.      Applicable Law

The hypothetically correct jury charge in this case would provide that a person commits the offense of attempted sexual assault of a child if, with the specific intent to commit the offense of sexual assault of a child, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the intended offense. TEX. PENAL CODE ANN. §§ 15.01(a). A person commits sexual assault of a child if, regardless of whether the person knows the age of the child at the time of the offense, the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means or causes the sexual organ of a child to contact or penetrate the mouth of another person, including the actor. *Id.* at § 22.011(a)(2)(A), (C).

7

The Texas Court of Criminal Appeals has recognized that there is an "'imaginary line,' which separates 'mere preparatory conduct,' which is usually non-criminal, from 'an act which tends to effect the commission of the offense,' which is always criminal conduct." *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984); *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1982) (op. on reh'g); *Sorce v. State*, 736 S.W.2d 851, 857 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). The law does not require that every act short of actual commission of the offense be accomplished for a defendant to be convicted of an attempted offense. *Gibbons v. State*, 634 S.W.2d 700, 706 (Tex. Crim. App. [Panel Op.] 1982). Where the imaginary lines are to be drawn depends on the nature of the crime attempted and must be considered on a case-by-case basis. *Id.* at 707 ("Convictions for attempted offenses under 15.01 [ ] must necessarily be considered on a case-by-case basis."); *Adekeye v. State*, 437 S.W.3d 62, 68–69 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Jones v. State*, 229 S.W.3d 489, 497–98 (Tex. App.—Texarkana 2007, no pet.); *Sorce*, 736 S.W.2d at 857. A person's intent to commit an offense may be established by circumstantial evidence and may be inferred from the person's acts, words, and conduct, as well as from the surrounding circumstances. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Lindsey v. State*, 764 S.W.2d 376, 378 (Tex. App.—Texarkana 1989, no pet.).

## C. More Than Mere Preparation

In Crawford's first issue, he contends that the evidence is legally insufficient to sustain his conviction because the evidence failed to establish beyond a reasonable doubt that he did an act that amounted to more than mere preparation. Crawford argues

that he "never went to the prearranged place where he supposedly was to engage in sex with a minor, nor did he possess any condoms or lubrication to effect the sexual encounter." In response, the State references *Brack v. State*, No. 09-16-00438-CR, 2018 WL 651264, at *3–4 (Tex. App.—Beaumont Jan. 31, 2018, no pet.) (mem. op., not designated for publication), in which the Ninth Court of Appeals affirmed a conviction for attempted sexual assault of child. In Crawford's reply brief, he contends that *Brack* does not control our analysis and disposition because it is unpublished. He also attempts to distinguish *Brack* on the ground that "the gravamen of [it] was whether the appellant's conduct was sufficient to establish an intent to commit the offense attempted."

While *Brack* lacks precedential value, *see* TEX. R. APP. P. 47.7(a), it is from the transferor court, *Id.* R. 41.3, and we find it persuasive. Crawford correctly notes that the *Brack* court analyzed whether the evidence was legally sufficient to support a finding that the defendant had the specific intent to commit the offense of sexual assault of a child. WL 651264, at *3–4. But, it did more than that. It also analyzed whether the defendant's actions amounted to more than mere preparation, and it found sufficient evidence in both regards. *Id.* Moreover, the facts in *Brack* are substantially similar to those in this case. In *Brack*, the defendant responded to a Craigslist personal advertisement involving a mother and minor daughter, exchanged sexually explicit messages with a person he believed to be the minor daughter's mother, arranged to meet the mother and minor daughter for sexual relations, and arrived at a predetermined location. *Id.* Accordingly, Crawford's attempt to distinguish *Brack* is unavailing.

The indictment in this case alleges that Crawford travelled "to a prearranged

meeting location, amounting to more than mere preparation that tended to but failed to effect the commission of the offense," and it does not specify that the prearranged meeting location was the precise location where the sexual assault of a child was to occur.

Crawford responded to an online advertisement on the "personals > causal encounters" webpage on Craigslist titled "Mother and Daughter Trucker Team – ww4m (the woodlands)" by describing his height, build, and as being "DDF,"[4] having experience with "multiple," and "would love to experience a mother/daughter team though." Both Serratt and Arnold recounted online and text conversations, respectively, that they had with Crawford while they pretended to be Patterson, the mother of a fourteen-year-old. Printouts of those conversations were admitted into evidence. Crawford inquired as to whether Patterson had a "place to play" and that he wanted to play with, "lick," "suck," and "fuck" both Patterson and her fourteen-year-old daughter. He sent two shirtless photographs of himself. Within approximately two and half hours of having initially responded to the Craigslist advertisement, Crawford arrived at the predetermined location.

From this evidence, the jury could have reasonably inferred that Crawford intended to engage in the sexual activity he described with Patterson and her fourteen-year-old daughter and that Crawford's actions amounted to more than mere preparatory conduct to engage in the offense. *See Jackson*, 443 U.S. at 319; TEX. PENAL CODE ANN. §§ 15.01(a), 22.011(a)(2)(A); *see also Brack*, 2018 WL 651264, at *3–4. Crawford's

---

[4] According to the Urban Dictionary, "ddf" means ""Drug and Disease Free" and it "is often found in online personals ads—especially for casual sex. *See* URBAN DICTIONARY, ddf, *available at* https://www.urbandictionary.com/define.php?term=ddf (last visited Aug. 2, 2018).

contention that his lack of condoms and lubrication to effectuate a sexual encounter with Patterson's fourteen-year-old daughter renders the evidence legally insufficient is unavailing. The jury's province was to reconcile Crawford's statements to Patterson regarding condoms and his arriving at the rendezvous point without them. *See Johnson*, 419 S.W.3d at 671. Crawford's first issue is overruled.

## D. Involvement of Child

In Crawford's second issue, he contends that the evidence is legally insufficient to sustain his conviction because the State offered no evidence that a child was the object of the sexual assault that he purportedly attempted. Crawford argues that the penal statutes at issue require the existence of an actual child and because Patterson's fourteen-year-old daughter was fictitious, the evidence is legally insufficient.

In *Brack*, the court held that the offense of attempted sexual assault of a child, as opposed to the offense of online solicitation of a minor, does not require evidence that the minor actually existed. *See* 2018 WL 651264, at *4 (citing *Ex Parte Victorick*, 453 S.W.3d 5, 12 (Tex. App.—Beaumont 2014, pet. ref'd)). Serratt and Arnold testified that they were part of to the ICACT, Seratt posted an online advertisement, and together both provided the jury with the details of the advertisement and communications with Crawford. The State was not required to prove direct communication with Patterson's fourteen-year-old daughter or that either Serratt or Arnold were Patterson's fourteen-year-old daughter. The offense charged was not online solicitation of a minor. See TEX. PENAL CODE ANN. § 33.021 (West, Westlaw through 2017 1st C.S.). As in *Brack*, we conclude that the actual existence of Patterson's fourteen-year-old daughter is not an element of the

11

offense of attempted sexual assault. *See* 2018 WL 651264, at *4 (citing *Victorick*, 453 S.W.3d at 12. Therefore, the fact that Patterson's daughter was fictitious does not render the evidence insufficient. Crawford's second issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.

12