**Eddie Lee WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58000.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 20, 1979.

On Rehearing En Banc Sept. 10, 1980.

Steven P. Amis, David T. Lancaster, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford and Mike Gillett, Asst. District Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

Eddie Lee Wright appeals his conviction for murder. Punishment was assessed at eight years. Wright's sole contention is that the evidence was insufficient to support the conviction.

Kenneth Anderson, a Dallas Police Officer, testified that he was on duty during the evening of October 11, 1975, when he received a call concerning a disturbance. When he arrived at the home of Wright and his wife, Patsy Ruth Arnold, Wright let him in. He observed Arnold's body in the hallway with a bread knife or butcher knife in her left hand. There was blood on a divan in the living room and in the bathroom. There was no trail of blood leading to the body. He had no cuts or blood on him. His clothes were not torn. Wright appeared intoxicated.

Thomas Weir, also a Dallas Police Officer, testified that he arrived at the scene sometime after Anderson. His observations were essentially the same as Anderson's except that he saw blood in the bedroom. Later that night, he took a written statement from Wright. Wright indicated that he and Arnold had been drinking, that Arnold accused him of being unfaithful, that she pulled a knife and stated that she would kill both Wright and herself and that she then stabbed herself. She then went to the bathroom and called him. He found her in the hall.

Raymond Arnold, the brother of the deceased, testified that Arnold and Wright fought frequently. He also stated that Arnold was right handed.

Dr. John Graham, a medical examiner, testified that he conducted an autopsy on Arnold's body, that the cause of death was a stab wound and that Arnold's blood alcohol level was .58 per cent. One with the amount of alcohol in the blood of the deceased would probably be dead drunk and unarousable at the time of her death or, in other words, passed out. He testified that the wound was approximately three and one-half inches deep and could have been made by the knife found in Arnold's hand. The wound could have been self-inflicted.

Wright testified that Arnold had stabbed herself, that he blacked out, that when he awoke he found Arnold lying in the bathroom and that he then summoned help. He denied drinking anything on the night in question. He testified that he had hit her before and that she had been bugging him.

Our review of the evidence must be in the light most favorable to the verdict. In a circumstantial case that evidence must exclude every reasonable hypothesis except the guilt of appellant. *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App.1978); *Suff v. State*, 531 S.W.2d 814 (Tex.Cr.App.1976). However, all of the facts of the case need not directly and independently point to the guilt of the appellant; the evidence is sufficient if the cumulative force of all incriminating circumstances warrants a conclusion of guilt. *Easley v. State*, supra; *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977).

In the instant case, the evidence established that Arnold died of a knife stab wound in the chest. The wound was either self-inflicted or inflicted by Wright. The State offered various items of physical evidence tending to show that it was more probable that Wright had inflicted the wound. This evidence includes the lack of a trail of blood leading to the body and the knife being held in Arnold's left hand instead of right. This evidence is simply not persuasive. However, Wright took the stand and testified. The court, sitting as

the trier of fact, was able to evaluate his testimony and observe his demeanor. The court was free to reject Wright's testimony completely and conclude that it was a fabrication. Once the court concluded that Wright's testimony was fabricated, the only other explanation for the facts was that Wright had murdered Arnold. The evidence was sufficient.

There is no reversible error. The judgment is affirmed.

Before the court en banc.

## APPELLANT'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission of this case, the panel found that the evidence in the case was sufficient to sustain the conviction, and the judgment was affirmed in a per curiam opinion.

The State's evidence in this case was circumstantial. The appellant and the deceased were the only persons in the house at the time of the stabbing. As the original opinion notes, "[t]he wound was either self–inflicted or inflicted by Wright." On the night of the stabbing, the police found the deceased in the hallway of the home, with a knife in her hand. Doctor John Graham, medical examiner for Dallas County, testifying for the State, stated that it was possible that the wound was self–inflicted. The knife penetrated the deceased's chest, between the ribs, three and one–half inches. Doctor Graham testified that a forceful blow to that part of the body could have penetrated up to ten inches.

The State's evidence, as the panel opinion correctly notes, is "simply not persuasive."[1] However, the panel arrives at its determination that the evidence is sufficient by finding that when the appellant took the stand and testified, the trial judge, as the trier of fact, was entitled to accept or reject any or all of the testimony. The rationale

advanced in the original opinion is that once the trial judge concluded that the appellant's version of the stabbing was fabricated, the only other explanation was that the appellant killed his wife, thereby rendering the evidence sufficient.

 It is true that the trial judge, sitting as the trier of the facts, is entitled to accept or reject any or all of the testimony adduced. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App.1978); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976). The fact that the trial judge was entitled to disregard the appellant's testimony does not mean that the missing elements of the offense are supplied by rejecting this testimony. The burden of proof is on the State, and it is incumbent on the State to prove every element of the offense. See *Grant v. State*, 566 S.W.2d 954 (Tex.Cr.App.1978). The evidence in this case is not rendered sufficient by the trial judge's apparent disbelief of appellant's testimony.

It is well established that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused and proof amounting only to a strong suspicion is insufficient. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores v. State*, 551 S.W.2d 364, 367 (Tex.Cr.App. 1977).

> "The rules of circumstantial evidence do not require that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the hypothesis intended is a reasonable one consistent with the circumstances and facts proved, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence."

*Flores v. State*, supra.

 Mere presence at the scene of the crime alone is not sufficient to conclude

---

1. Even the State in its brief does not appear to be soundly convinced that the appellant committed the act. The brief states, "Although it was *possible* that the deceased's wound was self inflicted and that she was conscious when she was stabbed, it was *equally possible* that the deceased was passed out when the wound was inflicted." (Emphasis added)

that the accused committed the offense beyond a reasonable doubt. *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976). While it is a circumstance which tends to prove guilt, it is necessary that this circumstance be combined with other facts to show that the accused is guilty of the crime. *Johnson v. State*, supra. In this case, there is nothing other than appellant's presence at the scene which would tend to show his involvement in the stabbing.

A conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused; proof amounting only to a strong suspicion is insufficient. *Young v. State*, 544 S.W.2d 421 (Tex.Cr.App.1976). The evidence in this case is clearly insufficient to show that the appellant stabbed the deceased.

Appellant's motion for rehearing is granted.

The judgment is reversed and remanded to the trial court with instructions to enter a judgment of acquittal.

DOUGLAS, J., dissents for the reasons set out in the opinion on original submission.