**Donald EDISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0026–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1981.

J. Charles Whitfield, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appellant was convicted of theft of forty pine boards valued in excess of twenty, but less than two hundred dollars. Punishment was assessed at six months confinement in the Harris County Jail. We reverse the judgment of the trial court. Larry Wise, a cashier salesman at Sutherland Lumber Company, testified that on August 22, 1979, appellant was at that company to purchase siding for his house. Mr. Wise prepared a loading ticket as "62 ... 1 × 10 – 8 YP Lap + Gap."

Harold Allen testified he cut the lumber on the ticket in question, and he and the appellant loaded it on a car. The appellant went back into the office, and later Mr. Allen noticed appellant gone, along with the appellant's auto.

 Appellant challenges the sufficiency of the evidence to show a completion of the act of theft, or of the allegations generally, citing, *Owens v. State*, 576 S.W.2d 859 (Tex.Cr.App.1979).

No evidence was presented at trial concerning ownership issues of who owned, or who had care, custody and control of the property alleged to be stolen. Further, there was no evidence showing that the property was missing after appellant departed the scene.

> ... Where property is alleged to have been stolen from a certain named and designated person, the proof must show beyond a reasonable doubt that such property belonged to the person from whom it is alleged to have been stolen. Unless the proof meets this requirement, a conviction is not justified.

*Robert v. State*, 377 S.W.2d 656, 658 (Tex.Cr.App.1964).

We also note that there was an absence of proof that the property taken consisted of "forty pine boards" as alleged in the information.

Appellant's ground of error is sustained. Because appellant's ground of error relates to the sufficiency of the evidence presented to support the conviction, sustaining it requires this court to reverse the conviction and to reform the judgment to reflect an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Gibbs v. State*, 610 S.W.2d 489 (Tex.Cr.App.1981). It is so ordered.