**Ernest Lee MINOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0314–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 14, 1982.

Murry B. Cohen, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before DUGGAN, WARREN and PRICE, JJ.

DUGGAN, Justice.

Appellant was found guilty by a jury of murder under Texas Penal Code Section 19.02(a)(1) for intentionally and knowingly causing the death of another person. Punishment, enhanced by proof of a prior conviction, was assessed by the court at sixty years. The court's charge instructed the jury on the law concerning circumstantial evidence. Appellant's sole ground of error attacks the sufficiency of the evidence.

During the night of November 29, 1979, appellant was on duty as a security guard in a scrap metal business located in Harris County, Texas. Ed Miller, the deceased, was a co-worker of appellant and was also on duty on another part of the business premises. Two of appellant's supervisors were also on the premises, conducting a surveillance of appellant in the belief that he had been stealing business property while on duty. All parties were armed with single-shot shotguns provided by the security service. Shortly after midnight, the supervisors observed appellant talking with an unknown man who had driven up and climbed over the security fence surrounding the premises. Something was thrown over the fence and the man and appellant began climbing out over the fence. Both supervisors immediately jumped out, shouting out at appellant that he was under arrest. The unidentified man leaped from the fence and appellant opened fire with his shotgun. One supervisor returned fire and apparently hit the unknown man, who then escaped. The unknown man had brandished a pistol prior to being struck by gunfire. The supervisor and appellant exchanged further fire, but appellant raced away from the supervisor's view. After approximately thirty seconds, the supervisor heard one further shot fired, and proceeded in the direction of the sound.

Concurrently, a cab driver in the immediate area heard two shots spaced a few seconds apart. He observed appellant, apparently unarmed, run directly in front of his cab. He turned the cab around and observed another man running away. Upon reaching a set of railroad tracks near the premises, the driver saw someone lying on the ground, alone and not moving. He then pulled into the premises, saw the supervisor and informed him of the body. The body was found to be that of Ed Miller, who had been shot once in the head and was dead. Miller's gun was underneath his body and had not been fired. Appellant's car was parked next to Miller's body. An assistant county medical examiner testified that Miller had been shot at very close range, from approximately twelve inches away, by a shotgun. Appellant's gun was never found.

■ Appellant's sole contention on appeal is that the evidence is insufficient to prove guilt beyond a reasonable doubt to the extent required in a circumstantial evidence case. Appellant's multifarious argument, alluding to fatal variance between indictment and proof in that the indictment named him as "Ernest Lee Minor" but he was only identified as "Ernest Minor" in court, is summarily without merit. Variance between the allegation and the proof of a middle name or initial is neither material nor fatal. *Martin v. State*, 541 S.W.2d 605 (Tex.Crim.App.1976).

Appellant's primary argument on the merits is that the evidence failed to exclude all other reasonable hypotheses raised by the evidence, specifically the hypothesis that the unidentified man could have located and used a gun to kill the deceased, or that the unidentified man and the appellant could have exchanged guns, or that an unknown third party entered the premises and killed Miller.

■ It is well established that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the accused, and proof amounting only to a strong suspicion

is insufficient. *Wright v. State*, 603 S.W.2d 838 (Tex.Crim.App.1979). As stated in *Wright*,

The rules of circumstantial evidence do not require that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the hypothesis intended is a reasonable one consistent with the circumstances and facts proved, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence.

603 S.W.2d 838, 840.

■ Thus the question here is whether or not the alleged omitted hypotheses are *reasonable* hypotheses under the circumstances, and if so, whether the State presented evidence excluding such hypotheses. *Faulk v. State*, 608 S.W.2d 625 (Tex.Crim.App. 1980).

First, the hypothesis that an unknown person entered the premises and shot the victim is totally out of harmony with the evidence, and would not be a reasonable hypothesis under the circumstances. The testimony of the nearby cab driver established two figures running from the scene immediately after the fatal gunshot, one figure being the appellant, the other being his unapprehended cohort. That any unidentified third parties were present is simply not suggested by the evidence, and would be pure conjecture.

Second, appellant alleges as a further reasonable and omitted hypothesis that the appellant and his cohort could have "exchanged" weapons. While the evidence showed that the appellant had possession of a company-issued shotgun and the unknown cohort had exhibited a pistol, medical testimony established Miller had been killed by a close range shotgun blast. According to such a hypothesis, the two men would either have had to exchange weapons before the murder or afterwards. However, no clear reason would exist for the men to swap weapons prior to the offense, and certainly if it occurred afterwards, there

would be no reason at all for one man to accept a murder weapon in lieu of a "clean" weapon. Such hypothesis is not a reasonable one. In either event, the stated testimony would appear to preclude any physical opportunity for the two men to have made any exchange, such that this hypothesis was excluded by the evidence.

Third, appellant alleges as a final reasonable and omitted hypothesis that the appellant's cohort could have located and used a shotgun. However, this is not a reasonable hypothesis under the circumstances in that the only known shotguns were in possession of either appellant, the deceased or the other security guards and supervisors during the time of the offense. The deceased's shotgun, found under his body, had not been fired. To now rule that another and unknown shotgun suddenly appeared would be out of harmony with the evidence.

We find the evidence to be sufficient for conviction, and that every other reasonable hypothesis has been excluded except that of the appellant's guilt. Appellant's ground of error is overruled.

The judgment is affirmed.

WARREN and PRICE, JJ., participating.