No. 04-98-00162-CR



Suk Hui JENKINS,


Appellant



v.



The STATE of Texas,


Appellee



From the County Criminal Court No. 6, Dallas County, Texas


Trial Court No. MB97-48064-G


Honorable Phil Barker, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 23, 1998


AFFIRMED


 Suk Hui Jenkins appeals her conviction for prostitution under Tex. Pen. Code Ann. §
43.02(a)(1) (Vernon 1994). Because we find the evidence factually sufficient, we affirm the trial
court's conviction.


Factual and Procedural Background

 Jenkins and the State offer two versions of the events. The State presented testimony by
Officer Eloy Carrillo that he and two other officers went to Yokohama Tan, a tanning salon in
Dallas, Texas. When the officers were allowed to enter, a woman told them to sit in the waiting area.
Carrillo was then asked to select one of the women employees. Carrillo chose Jenkins and they
proceeded to one of the private rooms in the back of the salon. Carrillo testified that he asked
Jenkins for oral sex or a "blow job." Jenkins told him that it would cost $100, $60 for the oral sex
and $40 for the session fee. Carrillo repeated the agreement for clarification and Jenkins agreed
again. Carrillo then revealed that he was a police officer and advised her that she was under arrest.

 Conversely, Jenkins testified that three men arrived at Yokohama Tan, Jenkins' place of
employment. Her duties included giving body shampoos and oil rubs. When Carrillo selected
Jenkins, she was informed that Carrillo did not speak English. After proceeding to one of the rooms,
Jenkins told him that the oil rubdown was $40 for half an hour and $60 for an hour. Carrillo made
a motion that he did not understand what she was saying. Jenkins tried to explain a few more times,
but Carrillo still indicated that he did not understand. She told him to go ask his friends in the next
room to explain it to him. When he came back, he showed Jenkins his badge and arrested her for
prostitution.

Factual Sufficiency of the Evidence

 Jenkins complains in her sole point of error that the evidence presented at trial was factually
insufficient to support her conviction. In reviewing the factual sufficiency of the evidence, we view
all the evidence without the prism of "in the light most favorable to the prosecution" and set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In a bench trial, the trial
judge is the sole trier of fact, and the weight to be given contradictory testimonial evidence is within
the judge's sole province. See Cain v. State, 958 S.W.2d 404, 408-409 (Tex. Crim. App. 1997)
(noting trier of fact determines the weight to be given to conflicting testimony because it turns on
evaluation of credibility and demeanor). The trial judge may accept any part or all of the testimony
given by the witnesses. See Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1979).
Conflicting evidence will not result in reversal if there is enough credible testimony to support the
conviction. See Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). Review of the
evidence must also be appropriately deferential so the appellate court is not merely substituting its
judgment for that of the trier of fact. See Clewis, 922 S.W.2d at 133.

 Under Tex. Pen. Code Ann. § 43.02(a)(1) (Vernon 1994), a person commits an offense if
the person knowingly offers to engage in sexual conduct in return for a fee. See Mattias v. State, 731
S.W.2d 936 (Tex. Crim. App. 1987). Evidence supporting Jenkins' innocence consisted of her own
testimony indicating that she never agreed to perform any type of sexual act for money and she never
made such an offer to the officer. The officer simply placed her under arrest without justification.
Additionally, the testifying officer was not absolutely sure in his recollection of the events and had
to use a police report to refresh his memory. Evidence supporting the conviction includes Officer
Carrillo's testimony that when he asked Jenkins to perform oral sex, she agreed and informed him
that the price would be $100.

 We will not reverse the trial court's conviction where credible testimony exists to support
the conviction. Officer Carrillo's testimony clearly supports the trial court's judgment. Because we
cannot say that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust, we affirm Jenkins' conviction.

 Jenkins' sole point of error is overruled and the judgment is affirmed.


 CATHERINE STONE

 JUSTICE

DO NOT PUBLISH


Return to
4th Court of Appeals Opinions