In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00259-CR

____________


DAVID YWAIN YOUNG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 865193






O P I N I O N

 A jury found appellant guilty of state jail felony theft (1) and assessed punishment
at two years in state jail and a $500 fine. We affirm the judgment as modified.

Background

 While two security officers, one of which is the complainant, were on duty at
the Four Seasons Hotel, they saw appellant approaching the hotel by way of the third
floor skybridge. At that time, appellant was carrying an empty duffle bag which
resembled the bags that the hotel's maids use. Photos of appellant were already in the
security office because he was suspected of stealing from a hotel guest. The security
officers ran to the third floor, but appellant was gone. The security officers then saw
appellant approaching the main entrance of the hotel. They radioed the parking valet
and asked him to watch appellant. When they arrived at the main entrance, the valet
said that appellant had gone through the lobby to the elevators. The security officers
then began a "walk down" procedure. (2) 

 When the complainant arrived at the 19th floor, he heard a noise, went to the
maid's closet, and saw appellant. Appellant was carrying a full duffle bag. The
complainant asked appellant if he was a guest at the hotel and if he could see his key
card. Appellant stated that he was a guest and should not have to show his key card. 
The complainant apologized and explained that he asked because the hotel had had
problems with uninvited guests. The complainant and appellant entered the hotel
elevator, and appellant stepped off on the third floor and walked toward the
crosswalk. Houston Police Department Officer Cantu, who was waiting to detain
appellant, noticed that appellant was carrying a full duffle bag. By the time officer
Cantu exited his car, however, appellant had disappeared. Although he was not sure
which way appellant went, Officer Cantu believed that appellant entered the stairwell
because he saw no one enter or exit the elevator. Appellant was arrested shortly
thereafter outside the hotel. 

 A police officer recovered a duffle bag of towels in a trash can on the fifth floor
of the parking garage. Officer Cantu identified the duffle bag as being the same
duffle bag that he saw appellant carrying earlier. There were 38 Four Seasons Hotel
towels in the duffle bag. Each towel was marked with a Four Seasons Hotel tag. The
hotel security officer testified that these were the same towels that they have in the
maid's closet on the nineteenth floor. 

 In two points of error, appellant argues that: (1) the evidence was factually
insufficient to support his conviction for felony theft and (2) he was improperly
denied credit for the time he spent in jail awaiting trial. 

Factual Sufficiency

 In his first point of error, appellant challenges the factual sufficiency of the
evidence to support his conviction. Under the factual sufficiency standard, we ask
"whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof." King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000). 

 A person commits the offense of theft if he unlawfully appropriates property
with intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a)
(Vernon 1994). While intent to steal must be shown in order to prove an attempted
theft, this intent may be inferred from circumstantial evidence. Wolfe v. State, 917
S.W.2d 270, 275 (Tex. Crim. App. 1996).

 Appellant contends that the State did not prove that he entered the hotel with
the intent to commit theft. The State did not have to show that appellant had the
appropriate intent when entering the hotel, only at the time of the taking. See Thomas
v. State, 753 S.W.2d 688, 694 (Tex. Crim. App. 1988). Intent, including the intent
to deprive the owner of property, can be inferred from acts, words, and conduct of the
accused. Lee v. State, 964 S.W.2d 3, 10 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd). 

 The hotel security office had appellant's picture because he had previously
been suspected of stealing from a guest. The complainant saw appellant enter the
hotel with an empty duffle bag. When appellant was seen near the maid's closet on
the nineteenth floor, the duffle bag was full. The complainant asked for appellant's
hotel key card, but appellant refused to show it. Appellant immediately took the
elevator to the third floor exit, hurried to the stairs, and exited the building. As
appellant walked through the crosswalk, Officer Cantu saw him carrying a full duffle
bag. After appellant was arrested, officers found a duffle bag that contained thirty-eight of the hotel's towels in a trash can in the parking garage. The evidence is
factually sufficient to show that appellant had the intent to steal at the time of taking. 
 Appellant next argues that the evidence is factually insufficient to establish that
he actually possessed missing hotel property. Where property is alleged to have been
stolen from a named and designated person, the proof must establish beyond a
reasonable doubt that such property belonged to such person. Edison v. State, 630
S.W.2d 696, 697 (Tex. App.--Houston [1st Dist.] 1981, no pet.). 

 In this case, the towels that were found in appellant's duffle bag each had the
Four Seasons Hotel tag on them. The complainant identified the duffle bag as being
the same type bag that the hotel's maids have and the same bag that appellant was
seen carrying. The complainant testified that the bag contained 38 towels that
belonged to the hotel. Officer Cantu also identified the duffle bag that contained the
towels as the same bag that appellant had been seen carrying earlier. This evidence
is factually sufficient to show that the towels belonged to the Four Seasons Hotel. 

 Appellant argues that his presence at the scene is not enough to convict him. 
We are mindful that mere presence at the scene of the crime alone is not sufficient to
conclude that the accused committed the offense beyond a reasonable doubt. Wright
v. State, 603 S.W.2d 838, 840-41 (Tex. Crim. App. 1980). While presence is a factor
in proving guilt, this circumstance must be combined with other facts to show that the
accused is guilty of the offense. Id. at 841. 

 Here, there are other facts that incriminate appellant. Initially, appellant was
seen on video with an empty duffle bag. When the security officer arrived at the
maid's closet on the nineteenth floor, appellant had a full duffle bag. Appellant was
seen leaving the hotel carrying the same full duffle bag. Subsequently, an officer
recovered the same duffle bag in a trash can in the parking garage stairwell which
contained the hotel's towels. There were no bags or similar items anywhere else in
the garage; the only item found was the bag containing the hotel's towels.

 We conclude that the evidence presented in this case was not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. 
Accordingly, the evidence was factually sufficient to support the jury's verdict. 

 We overrule appellant's first point of error.

Credit for Jail Time

 In his second point of error, appellant contends that he was denied credit for
the time he spent in Harris County Jail after his arrest and awaiting trial until the date
he was sentenced by the trial court. 

 Appellant was arrested on August 2, 2000, the date of the offense, and
remained in custody until the date he was sentenced, January 25, 2001. He was
sentenced to two years of State jail time. Appellant contends that he should have
received 177 days of back-time credit. The State argues that credit for back time is
discretionary under article 42.12. Tex. Crim. Proc. Code Ann. art. 42.12 § 15(h)(2)
(Vernon Supp. 2002). Article 42.12 gives the trial court discretion in awarding credit
for jail time. However, the equal protection clause of the Fourteenth Amendment
requires that inmates receive credit for their pretrial jail time if they receive the
maximum sentence and they had been unable to post bond due to their indigence,
even though the relevant statute provided that the award of such credit was
discretionary with the trial court. Ex Parte Harris, 946 S.W.2d 79, 80 (Tex. Crim.
App. 1997). In this case, appellant was indigent and received the maximum sentence
authorized by law. Accordingly, appellant is entitled to credit for the time he spent
in jail before trial. See id.

 When the trial court fails to give credit for time served between arrest and
sentencing, we must reform the judgment and sentence. Carpenter v. State, 828
S.W.2d 441, 442 (Tex. App.--Austin 1992, no pet.). 

 Accordingly, we reform the judgment to reflect a credit for the 177 days
appellant spent awaiting trial. See Phillips v. State, 64 S.W.3d 458, 461-62 (Tex.
App.--Houston [1st Dist.] 2001, no pet.).

 We sustain appellant's second point of error. 

Conclusion

 We modify the judgment of conviction to state, "Time credited: 177 days," to
reflect appellant's entitlement to 177 days of credit against his two-year sentence of
confinement. We affirm the judgment as modified.

 

 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.4.
1. Appellant was charged with the offense of theft under $1,500 elevated to a
felony by virtue of two prior theft convictions. See Tex. Pen. Code. Ann. §
31.03(e)(4)(D) (Vernon Supp. 2002). 
2. The officers started from the top floor of the hotel and searched each floor until
they found appellant.