ACCEPTED
11-17-00197-CR
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
1/5/2018 2:16 PM
SHERRY WILLIAMSON
CLERK

# NO ORAL ARGUMENT REQUESTED

## CAUSE NO. 11-17-00197-CR

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS

01/05/18 2:16:05 PM

SHERRY WILLIAMSON
Clerk

## IN THE
## COURT OF APPEALS
## ELEVENTH DISTRICT OF TEXAS
## AT EASTLAND

-----------------------------------------

### SERGIO GONZALEZ,
#### Appellant

### V.

### THE STATE OF TEXAS,
#### Appellee

-----------------------------------------

### ON APPEAL IN CAUSE NO. CR48359
### 385TH JUDICIAL DISTRICT
### MIDLAND COUNTY, TEXAS
### HONORABLE ROBIN MALONE DARR,
### JUDGE PRESIDING

-----------------------------------------

### BRIEF FOR THE STATE

-----------------------------------------

**Lacey Holloman**
**State Bar No. 24087736**
**Assistant District Attorney**
**500 North Loraine, Suite 200**
**Midland, Texas 79701**
**PHONE: (432) 688-4426**
**FAX: (432) 688-4938**
**da110@co.midland.tx.us**
**ATTORNEY FOR THE STATE OF TEXAS**

# TABLE OF CONTENTS

**Contents**

TABLE OF CONTENTS .......................................................................................ii

TABLE OF AUTHORITIES....................................................................................iv

STATE'S REPLIES TO ISSUES PRESENTED FOR REVIEW .............2

State's Reply to Issue One .......................................................................2

**Whether evidence of appellant's criminal intent to commit indecency with a child by contact is sufficient is a question of fact to be resolved by the trier of fact. Is the evidence legally and factually sufficient to support the jury's finding appellant attempted to commit the offense of indecency with a child by contact?**

STATEMENT OF THE CASE .................................................................................2

STATEMENT OF FACTS....................................................................................4

ARGUMENTS AND AUTHORITIES ....................................................................6

State's Reply to Issue One .....................................................................6

Summary of Argument .........................................................................6

State's Reply to Issue One .....................................................................7

A. Standard of Review...............................................................7

B. Direct and Circumstantial Evidence ...............................................9

C. Intent to Arouse and Gratify Sexual Desire ...............................10

D. Application of the Law to the Facts ...............................................12

CONCLUSION .......................................................................................15

PRAYER .................................................................................................15

CERTIFICATE OF SERVICE...............................................................16

CERTIFICATE OF COMPLIANCE.......................................................16

# **TABLE OF AUTHORITIES**

**Cases**

*Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) ..............8

*Blankenship v. State*, 780 S.W.2d 198, 206-207 (Tex. Crim. App. 1988) .9

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010...................8

*Brown v. State* 381 S.W.3d 565, 573 (Tex. App.—Eastland, no pet.).......8

*Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no
   pet.). ...................................................................................................12

*Geesa v. State*, 820 S.W.2d 154, 158-59 (Tex. Crim. App. 1991) ............10

*Gibbons v. State*, 634 S.W.2d 700, 707 (Tex. Crim. App. 1982) .............11

*Hankins v. State,* 646 S.W.2d 191, 199 (Tex. Crim. App. 1981).............10

*Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991).........11

*Hooker v. State*, 621 S.W.2d 597, 601 (Tex. Crim. App. 1980) ...............10

*Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). .......................9

*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) ...............8, 9

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d
   560 (1979).........................................................................................7, 8, 9

*Jones v. State*, 229 S.W.3d 489, 497-98 (Tex. App. – Texarkana 2007, no
   pet.) ....................................................................................................11

*Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996) ................14

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). .................8

*McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981) .................................................................................11

*Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000) .......................10

*Peterson v. State*, 137 S.W.3d 739, 745 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ...........................................................14

*Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). ...............9

*Soto v. State,* 267 S.W.3d 327, 332 (Tex. App. – Corpus Christi 2008, no pet.) ....................................................................11

*Tibbs v. Florida*, 457 U.S. 31, 40-41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982)....................................................................8

*Whitaker v. State,* 977 S.W.2d 595, 598 (Tex. Crim. App. 1998)..............8

*Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). ....................9

*Wright v. State,* 603 S.W.2d 838, 840-41 (Tex. Crim. App. 1979) .........10

**Statutes**

Tex. Code Crim. Proc. Ann. art. 38.07................................................10

CAUSE NO. 11-17-00197-CR


IN THE
COURT OF APPEALS
ELEVENTH DISTRICT OF TEXAS
AT EASTLAND

_____


SERGIO GONZALEZ,
Appellant

V.

THE STATE OF TEXAS,
Appellee

_____


CR48359
385TH JUDICIAL DISTRICT
MIDLAND COUNTY, TEXAS
HONORABLE ROBIN MALONE DARR,
JUDGE PRESIDING

_____

BRIEF FOR THE STATE

_____


TO THE HONORABLE JUSTICES OF THE COURT OF

APPEALS:

COMES NOW the appellee, the State of Texas, and files the

State's brief on appeal in reply to the brief by the appellant, and in

support thereof would show the Court as follows:

1

## STATE'S REPLIES TO ISSUES PRESENTED FOR REVIEW

*State's Reply to Issue One*

**Whether evidence of appellant's criminal intent to commit indecency with a child by contact is sufficient is a question of fact to be resolved by the trier of fact. Is the evidence legally and factually sufficient to support the jury's finding appellant attempted to commit the offense of indecency with a child by contact?**

## STATEMENT OF THE CASE

Appellant was indicted in the 385th District Court of Midland County, Texas, on December 7, 2016, for the offense of indecency with a child by contact.  (CR[1] 7). He was re-indicted on June 28, 2017, for the offense of attempted indecency with a child by contact.  (CR 8).  The case proceeded to trial on July 17, 2017, and a jury of twelve people was sworn. (RR[2]7 172). Appellant entered a plea of "not guilty" to the indictment. (RR7 177). After the presentation of evidence and argument of counsel, the jury found appellant guilty of the offense of attempted

---

[1] References to the Clerk's Record are abbreviated as "CR", followed by the page number.
[2] References to the Reporter's Record are abbreviated as "RR" followed by the volume number and page number.

2

indecency with a child by contact as alleged in the indictment. (CR 83; RR8 109).

Appellant elected for the jury to assess punishment and the case proceeded to trial on punishment. (CR 70; RR8 110). After presentation of the evidence and argument of counsel, the jury sentenced appellant to 7 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $7,000. (CR75; RR8 121). The sentence was pronounced on July 18, 2017. (RR8 122). The judgment of conviction was entered on July 18, 2017. (CR 95-97).

Appellant timely gave notice of appeal. (CR 100).

## STATEMENT OF FACTS

On November 16, 2016, A.H. was at her dad's shop with her brothers. RR7 239. Her parents and appellant were also present. RR7 219. Appellant worked for A.H.'s father at his shop. RR7 216. A.H. was 13. RR7 235. A.H. was in the office watching a video with her brother, J.H. RR7 240. J.H. was 12. RR8 14, RR7 244. Appellant came into the office and asked A.H. if she wanted to go to the store. RR7 241. Appellant asked just A.H. and not her brothers to go to the store. *Id.* A.H. asked J.H. go with her because her parents don't let her go to the store with older men. RR7 241-42. Appellant told the children that their parents said it was okay. RR7 242. A.H.'s parents did not give appellant to take A.H. to the store. RR7 220, 183. Initially appellant drove, J.H. sat in the front, and A.H. sat in the backseat of the vehicle. RR7 243. Once they reached a dark road, appellant stopped and asked who wanted to drive. *Id.* J.H. stated he wanted to drive. *Id.* After J.H. got in the driver's seat, appellant got into the back seat right next to A.H. RR7 244. While in the back seat, appellant started to touch A.H. RR7 245. He started touching her stomach and back. *Id.* Appellant began to lift up her shirt and attempt to take it off.

4

*Id.*  A.H. used her elbow to stop appellant's hand from touching her elsewhere.  RR7 245-46.  Appellant grabbed A.H.'s hips and tried to put her in his lap.  RR7 246.  When he did that, A.H. jumped in the front seat and told her brother she wanted to drive.  *Id.*  At the store, A.H. told J.H. to stay with her because she was afraid.  RR7 247.  Appellant drove them back from the store and A.H. sat in the backseat.  RR7 249.  Back at the shop, A.H. ran back to the office and attempted to arrange for her Aunt Janet to come pick her up.  *Id.*  A.H. was unable to get her Aunt Janet to come get her so she ran to her Aunt Aide's house.  RR7 250.  At her Aunt Aide's house she was crying and asked her to take her to her aunt Janet.  RR7 250-51.  Once they were at her Aunt Janet's house, A.H. told both of her aunts what appellant did.  RR7 251.  Her Aunt Janet eventually took her back to the shop.  RR7 252.  A.H. could not recall talking to the police that night.  *Id.*  The officer who spoke to her described A.H. as extremely hysterical, crying, saying she was scared of appellant.  RR8 31.  Appellant told the officer nothing happened.  RR8 33-34. That they just went to the store.  *Id.*

# ARGUMENTS AND AUTHORITIES

## *State's Reply to Issue One*

**Whether evidence of appellant's criminal intent to commit indecency with a child by contact is sufficient is a question of fact to be resolved by the trier of fact. Is the evidence legally and factually sufficient to support the jury's finding appellant attempted to commit the offense of indecency with a child by contact?**

## *Summary of Argument*

The evidence must be viewed in the light most favorable to the verdict. The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may choose to believe or disbelieve all or any part of any witness's testimony. The State's witnesses testified appellant invited the 13 year old victim to the store under false pretenses. Appellant isolated the victim from the other adults. He then had the 12 year old drive and rode in the back seat with the 13 year old girl. A.H. testified that in the backseat, appellant attempted to lift her shirt, touch her bare skin, and pull her onto his lap. All of this took place while the vehicle was moving and appellant would have no legitimate reason to touch A.H., much less try and pull her onto his lap. Based off appellant's conduct and all the

6

surrounding circumstances, the jury rationally concluded that appellant

attempted to touch A.H. with the intent to arouse or gratify his sexual

desire.  Appellant's argument seeks for this court to substitute its

judgment for that of the jury without any basis in fact or law.

### State's Reply to Issue One

**Whether evidence of appellant's criminal intent to commit theft is sufficient is a question of fact to be resolved by the trier of fact. The State's witnesses said appellant entered the building after hours without permission, he fled immediately after setting off the alarm, and gave an unreasonable explanation as to why he was there. Is the evidence legally and factually sufficient to support the jury's finding that appellant committed burglary of a building?**

### A. Standard of Review

The standard of review for an appellate court to evaluate

sufficiency of the evidence, whether denominated as a legal or as a

factual sufficiency claim, is to examine all the evidence in a light most

favorable to the verdict and to determine whether, based on the

evidence and any reasonable inferences from it, any rational finder of

fact could have found the existence of the elements of the offense

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.

Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Isassi v. State*, 330 S.W.3d 633,

7

638 (Tex. Crim. App. 2010); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State* 381 S.W.3d 565, 573 (Tex. App.—Eastland, no pet.) (Citing *Jackson*, 443 U.S. at 314, 318 n. 11, 320). If evidence is insufficient under this standard, the appellate court must reverse the judgment and enter an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 40-41, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982). The sufficiency test must be applied to the application paragraph in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Appellant did not object to the Court's Charge and does not object to the Court's Charge now. (RR5 5).

The factfinder is the exclusive judge of each witness' credibility and the weight to be given each witness' testimony. *Whitaker v. State,* 977 S.W.2d 595, 598 (Tex. Crim. App. 1998); *Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The appellate court's duty is

8

not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes the evidence established the elements in question beyond a reasonable doubt. *Blankenship v. State*, 780 S.W.2d 198, 206-207 (Tex. Crim. App. 1988); *see also, Isassi*, 330 S.W.3d at 638. In reviewing the evidence the appellate court is to defer to the trier of facts to responsibly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The appellate court determines whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). The court must presume the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

**B. Direct and Circumstantial Evidence**

In this case, the conclusion that appellant was attempting to touch A.H. with the intent to arouse and gratify his sexual desire is based on circumstantial evidence. In a circumstantial evidence case, each fact or

piece of evidence need not point directly to the defendant's guilt; rather, the cumulative effect of all the incriminating facts may be sufficient to support the conviction. *Hooker v. State*, 621 S.W.2d 597, 601 (Tex. Crim. App. 1980) (op. on reh'g). Circumstantial evidence is no less trustworthy or probative than direct evidence. *See Geesa v. State*, 820 S.W.2d 154, 158-59 (Tex. Crim. App. 1991), *overruled in part*, *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000) (same standard of review applies to direct as well as circumstantial evidence cases). "Circumstantial evidence alone may suffice . . . if the inferences arising therefrom prove the fact in question beyond a reasonable doubt." *Hankins v. State,* 646 S.W.2d 191, 199 (Tex. Crim. App. 1981). An accused's presence at the scene is a circumstance that tends to prove guilt and, when combined with other facts, may indeed show the accused to be guilty of the crime. *Wright v. State,* 603 S.W.2d 838, 840-41 (Tex. Crim. App. 1979) (op. on reh'g).

## C. Intent to Arouse and Gratify Sexual Desire

The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. ART. 38.07. A child victim's description of what happened need not be

precise. *Soto v. State,* 267 S.W.3d 327, 332 (Tex. App. – Corpus Christi 2008, no pet.). Intent generally is an element that must be inferred from the circumstances. *Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Intent to arouse and gratify sexual desire can also be inferred from the defendant's conduct, his remarks and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981).

In *McKenzie*, the defendant asked the girls to meet him behind buildings and in places under construction where they would not be seen. *Id.* at 215-16. The defendant also isolated one girl when he first made physical contact with her. *Id.* at 216. The Court found that there was sufficient evidence in this case to support the jury's finding that the defendant had the specific intent to arouse and gratify his sexual desire. *Id.*

The imaginary line between mere preparation and an attempt depends on the nature of the crime and must be considered on a case by case basis. *Gibbons v. State*, 634 S.W.2d 700, 707 (Tex. Crim. App. 1982); *see Jones v. State*, 229 S.W.3d 489, 497-98 (Tex. App. – Texarkana 2007, no pet.) (rubbing up against the child's leg and thigh,

11

whispering he loved her, and claiming he thought she was her mother was more than mere preparation).

### D. Application of the Law to the Facts

J.H. and A.H. testified that when appellant asked them to go to the store he told them that their parents had given their permission. RR8 18, RR7 242. A.H. testified that appellant wanted just her to go to the store. RR7 241. She testified that on the way to the store, once they reached a dark road, appellant stopped and asked who wanted to drive. RR7 243. Once her little brother got in the driver's seat, appellant sat in the back with her. RR7 244. He sat right next to her in the back seat. *Id*. A.H. testified that appellant began touching her stomach and back. RR7 245. He attempted to lift up her shirt and take it off. *Id*. A.H. testified that appellant grabbed her by the hips and tried to pull her into his lap. RR7 246. Appellant made her so uncomfortable that at the store A.H. asked her little brother to stay with her because she was scared. RR8 21, RR7 247.

J.H. testified that he thought appellant only asked his sister to go to the store. RR8 25. J.H. also testified that when they got back to the shop appellant told them "we're not going to tell nobody, ok." RR8 22.

12

Appellant admitted that he rode with the children to the store. RR8 71. Appellant admitted that he told the children it was ok for them to go with him even though he had never asked their parents. RR8 87. He testified that he rode in the back with A.H while J.H. drove. RR8 71, 74. Appellant testified that he let them drive because he "wanted to be cool." RR8 80.

It is a reasonable inference for the jury to find that appellant was attempting to lift up A.H's shirt in an attempt to touch her breasts in order to arouse and gratify his sexual desire. There is no other reasonable explanation for why appellant would lie to the children in order to get them to go to the store with him. There is no other reasonable explanation as to why appellant would allow a 12 year old child to drive down a dark and deserted road while sitting in the back with a 13 year old. There is no other reasonable explanation for why appellant would try to lift up a 13 year old's shirt, and attempt to pull her on to his lap while the vehicle was moving. Appellant wanted to look cool to A.H. in an attempt to groom her. Appellant knew he did something was not supposed to and that is why he told J.H. not to tell anyone when they got back to the shop. These facts combined create

13

the inference that appellant was attempting to touch A.H. with the intent to arouse and gratify his sexual desire. The jury as the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony, was free to believe or disbelieve all or any part of the witnesses' testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Clearly, the jury disbelieved appellant's version of events as shown by their guilty verdict. An appellate court cannot hold the evidence factually insufficient merely because a defendant offers an explanation of the facts that is different from the explanation offered by the State. *Peterson v. State*, 137 S.W.3d 739, 745 (Tex. App.— Houston [1st Dist.] 2004, pet. ref'd). Appellant simply asks this court to substitute its judgment for that of the jury without any facts or explanation as to why the jury's verdict is unreasonable. Appellant's point of error should be denied.

## CONCLUSION

The evidence is legally and factually sufficient to support the conviction of appellant for attempted indecency with a child by contact. The jury as the finder of facts has sufficient evidence to determine appellant attempted to touch A.H. in a way as an attempt to arouse or gratify his sexual desire. Appellant's appeal should be denied and the conviction should be affirmed by this court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Appellee prays that this Honorable Court affirm the judgment of conviction in this cause.

Respectfully submitted,

Laura Nodolf
District Attorney
Midland County, Texas

By:
*/S/ Lacey Holloman*
Lacey Holloman
Assistant District Attorney
State Bar No. 24087736
500 North Loraine, Suite 200
Midland, Texas 79701
da110@co.midland.tx.us

15

(432) 688-4426; FAX (432) 688-4938

## CERTIFICATE OF SERVICE

I, Lacey Holloman, do hereby certify that on the 5th day of January, 2018, I sent a true and correct copy of the foregoing brief by electronic service to Damian Castillo, attorney of record for Appellant, at 1120 N. Big Spring, Midland TX, 79701.

*/S/ Lacey Holloman*
Lacey Holloman
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I, Lacey Holloman, certify the Brief for Appellee was prepared with Microsoft Word 2010 and that according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4(i)(3) contain 2,509 words. I further certify the body text is Century Schoolbook 14 point font and the footnote text is 12 point font.

By:

*/S/ Lacey Holloman*
Lacey Hollman
Assistant District Attorney